1  Henry A. Cirillo (131527; hcirillo @furth.com)
   Thomas P. Dove (51921; tdove@furth.com)
2  Kathleen Styles Rogers (122853; krogers@furth.com)
   Christopher L. Lebsock (184546; clebsock@furth.com)
3  Michael S. Christian (212716; mchristian@furth.com)
   Jon T. King (205073; king@furth.com)
4  THE FURTH FIRM LLP
   225 Bush Street, 15th Floor
5  San Francisco, CA 94104-4249
   Telephone:    (415) 433-2070
6  Facsimile:    (415) 982-2076

7  Marvin A. Miller
   Lori A. Fanning
8  Matthew E. Van Tine
   MILLER LAW LLC
9  115 South LaSalle Street, Suite 2910
   Chicago, IL 60603
10 Telephone:    (312) 332-3400
   Facsimile:    (312) 676-2676

11

12 Attorneys for Plaintiff and the Putative Class

13                  **UNITED STATES DISTRICT COURT**

14                **NORTHERN DISTRICT OF CALIFORNIA**

15 BARBARA CALDWELL, on behalf of herself and   )
   all others similarly situated,               )   Case No.
16                                              )
                    Plaintiff,                  )
17                                              )
           v.                                   )
18                                              )   **CLASS ACTION COMPLAINT**
   MATSUSHITA ELECTRIC INDUSTRIAL CO.,          )
19 LTD.; TOSHIBA CORPORATION; TOSHIBA           )
   AMERICA, INC.; MT PICTURE DISPLAY CO.,       )
20 LTD.; SAMSUNG SDI CO., LTD.; LP              )
   DISPLAYS INTERNATIONAL, LTD.; ROYAL          )   **JURY TRIAL DEMANDED**
21 PHILIPS ELECTRONICS N.V.; and                )
   CHUNGHWA PICTURE TUBES, LTD.,                )
22                                              )
                    Defendants.                 )
23                                              )

24

25          Plaintiff, by her attorneys, brings this civil action for damages and injunctive

26 relief on behalf of herself and all others similarly situated against the above-named

27 Defendants, and demanding a trial by jury, complains and alleges as follows:

28

   89714.3

   CLASS ACTION COMPLAINT

1

**JURISDICTION AND VENUE**

2          1.          This complaint is filed under Section 16 of the Clayton Act

3    (15 U.S.C. §26) to obtain injunctive relief for violations of Section 1 of the Sherman Act

4    (15 U.S.C. §1), to recover damages under state antitrust and consumer protection laws, and

5    to recover the costs of suit, including reasonable attorneys' fees, for the injuries that

6    Plaintiff and all others similarly situated sustained as a result of the Defendants' violations

7    of those laws.

8          2.          The Court has jurisdiction over the federal claim under 28 U.S.C.

9    §§1331 and 1337.  The Court has jurisdiction over the state law claims under 28 U.S.C.

10   §1367 because those claims are so related to the federal claim that they form part of the

11   same case or controversy.  The Court also has jurisdiction over the state law claims under

12   28 U.S.C. §1332 because the amount in controversy for the Class exceeds $5,000,000, and

13   there are members of the Class who are citizens of a different state than the defendants.

14         3.          Venue is proper in this District under 15 U.S.C. §22 and 28 U.S.C.

15   §1391 because defendants reside, transact business, or are found within this District, and a

16   substantial part of the events giving rise to the claims arose in this District.

17         4.          The activities of the Defendants and their co-conspirators, as

18   described herein, were within the flow of, were intended to, and did have a substantial

19   effect on the foreign and interstate commerce of the United States.

20

**DEFINITIONS**

21         5.          As used herein, the term Cathode Ray Tube ("CRT") means a

22   specialized vacuum tube in which images are produced when an electron beam strikes a

23   phosphorescent surface.  CRTs are most commonly used in televisions and computer

24   monitors.

25         6.          As used herein, the term "Class Period" means the time period

26   extending from at least January 1, 2005 through the present.

27

28

1

# THE PARTIES

2 **The Plaintiff**

3       7.      Plaintiff Barbara Caldwell, a Massachusetts resident, indirectly

4 purchased a CRT (contained in a television) from one or more of the Defendants during the

5 Class Period, for end use and not for resale, and was injured as a result of Defendants'

6 illegal conduct.

7 **The Defendants**

8       8.      Matsushita Electric Industrial Co., Ltd. ("Matsushita") is a business

9 entity organized under the laws of Japan, with its principal place of business at 1006,

10 Kadoma, Kadoma City, Osaka 571-8501, Japan.  During the Class Period, Matsushita

11 manufactured, sold and distributed CRTs to customers throughout the United States

12 including under the brand names Panasonic and JVC.

13       9.      Toshiba Corporation is a business entity organized under the laws of

14 Japan, with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-

15 8001, Japan.  During the Class Period, Toshiba Corporation manufactured, sold and

16 distributed CRTs to customers throughout the United States.

17       10.     Toshiba America, Inc. ("Toshiba America") is a wholly owned and

18 controlled subsidiary of Defendant Toshiba Corporation.  Toshiba America is a business

19 entity organized under the laws of New York, with its principal place of business at 1251

20 Avenue of the Americas, Suite 4110, New York, New York, 10020.  During the Class

21 Period, Toshiba America manufactured, sold and distributed CRTs to customers throughout

22 the United States.

23       11.     Toshiba Corporation and Toshiba America are referred to collectively

24 herein as "Toshiba."

25       12.     MT Picture Display Co., Ltd. ("MT Picture Display") is a joint

26 venture between Defendants Matsushita and Toshiba.  MT Picture Display is a business

27 entity organized under the laws of Japan, with its principal place of business at 1-1, Saiwai-

28

CLASS ACTION COMPLAINT

1 cho, Takatsuki City 569-1193, Osaka, Japan.  During the Class Period, MT Picture Display

2 manufactured, sold and distributed CRTs to customers throughout the United States.

3          13.    Samsung SDI Co., Ltd. ("Samsung SDI") is a business entity

4 organized under the laws of South Korea, with its principal place of business at Samsung

5 Life Insurance Building, 15-18th Floor, 150 Taepyung-ro 2-ga, Chung-gu, Seoul, Korea.

6 During the Class Period, Samsung SDI manufactured, sold and distributed CRTs to

7 customers throughout the United States.

8          14.    LP Displays International, Ltd. ("LP Displays") is a business entity

9 organized under the laws of Hong Kong, with its principal place of business at 6th Floor,

10 ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong, China.  During the

11 Class Period, LP Displays manufactured, sold and distributed CRTs to customers

12 throughout the United States.

13          15.    Royal Philips Electronics N.V. ("Royal Philips") is a business entity

14 organized under the laws of the Netherlands, with its principal place of business at Breitner

15 Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands.  During the Class Period,

16 Royal Philips manufactured, sold and distributed CRTs to customers throughout the United

17 States.

18          16.    Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a business entity

19 organized under the laws of Taiwan, with its principal place of business at 1127 Heping

20 Road, Bade City, Taoyuan, Taiwan.  During the Class Period, Chunghwa manufactured,

21 sold and distributed CRTs to customers throughout the United States.

22 **Co-Conspirators**

23          17.    Various others, presently unknown to Plaintiff, participated as co-

24 conspirators with the Defendants in the violations of law alleged in this Complaint and have

25 engaged in conduct and made statements in furtherance thereof.

26          18.    The acts charged in this Complaint have been done by Defendants and

27 their co-conspirators, or were authorized, ordered or done by their respective officers,

CLASS ACTION COMPLAINT

1  agents, employees or representatives while actively engaged in the management of each

2  Defendant's business or affairs.

3          19.     Each of the Defendants named herein acted as the agent or joint

4  venturer of or for the other Defendants with respect to the acts, violations and common

5  course of conduct alleged herein.

6                      **CLASS ACTION ALLEGATIONS**

7          20.     Plaintiff brings this suit as a class action pursuant Rules 23(b)(2) and

8  23(b)(3) of the Federal Rules of Civil Procedure, on behalf of herself and a Plaintiff Class

9  ("the Class") composed of and defined as follows:

10             All persons and entities residing in the United States who, from
               January 1, 2005 through the present, indirectly purchased CRTs
11             manufactured by Defendants, and products containing CRTs
               manufactured by Defendants, in the United States for their own use
12             and not for resale.  Specifically excluded from this Class are the
               Defendants; the officers, directors or employees of any Defendant;
13             any entity in which any Defendant has a controlling interest; and any
               affiliate, legal representative, heir or assign of any Defendant.  Also
14             excluded are any federal, state or local governmental entities, any
               judicial officer presiding over this action and the members of his/her
15             immediate family and judicial staff, and any juror assigned to this
               action.
16

17         21.     This action has been brought and may be properly maintained as a

18  class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the following

19  reasons:

20         a.     The Class is ascertainable and there is a well-defined community of

21  interest among the members of the Class;

22         b.     Based upon the nature of the trade and commerce involved and the

23  number of indirect purchasers of CRTs and products containing CRTs, Plaintiff

24  believes that the members of the Class number in the thousands and are

25  geographically dispersed across the country so that that joinder of all Class members

26  is not practicable; the identities of the members of the Class are not now known to

27

28

89714.3                                                     -5-

CLASS ACTION COMPLAINT

1    Plaintiff but can be readily learned from Defendants' books and records and through

2    other means of notification;

3        c.    Plaintiff's claims are typical of the claims of the members of the Class

4    because Plaintiff indirectly purchased products containing CRTs from one or more

5    of the Defendants or their co-conspirators, and therefore Plaintiff's claims arise from

6    the same common course of conduct giving rise to the claims of the members of the

7    Class and the relief sought is common to the Class;

8        d.    The following common questions of law or fact, among others, exist

9    as to the members of the Class:  whether Defendants formed and operated a

10   combination or conspiracy to fix, raise, maintain or stabilize the prices of, or

11   allocate the market for, CRTs;

12           i.    whether the combination or conspiracy caused CRT prices, and prices

13                 for products containing CRTs, to be higher than they would have been

14                 in the absence of Defendants' conduct;

15           ii.   the operative time period of Defendants' combination or conspiracy;

16           iii.  whether Defendants' conduct caused injury to the business or property

17                 of Plaintiff and the members of the Class;

18           iv.   the appropriate measure of the amount of damages suffered by the

19                 Class;

20           v.    whether Defendants' conduct violates Section 1 of the Sherman Act;

21           vi.   whether Defendants' conduct violates the antitrust, unfair competition,

22                 and consumer protection laws of the states as alleged below; and

23           vii.  the appropriate nature of class-wide equitable relief.

24       e.    These and other questions of law or fact which are common to the

25   members of the Class predominate over any questions affecting only individual

26   members of the Class;

27

28

89714.3                                   -6-

CLASS ACTION COMPLAINT

1          f.      Plaintiff will fairly and adequately protect the interests of the Class in

2    that Plaintiff has no interests that are antagonistic to other members of the Class and

3    has retained counsel competent and experienced in the prosecution of class actions

4    and antitrust litigation to represent herself and the Class;

5          g.      A class action is superior to other available methods for the fair and

6    efficient adjudication of this litigation since individual joinder of all damaged Class

7    members is impractical.  The damages suffered by individual Class members are

8    relatively small, given the expense and burden of individual prosecution of the

9    claims asserted in this litigation.  Thus, absent the availability of class action

10   procedures, it would not be feasible for Class members to redress the wrongs done

11   to them.  Even if the Class members could afford individual litigation, the court

12   system could not.  Further, individual litigation presents the potential for inconsistent

13   or contradictory judgments and would greatly magnify the delay and expense to all

14   parties and to the court system.  Therefore, the class action device presents far fewer

15   case management difficulties and will provide the benefits of unitary adjudication,

16   economy of scale and comprehensive supervision by a single court;

17         h.      Defendants have acted, and refused to act, on grounds generally

18   applicable to the Class, thereby making appropriate final injunctive relief with

19   respect to the Class as a whole; and

20         i.      In the absence of a class action, Defendants would be unjustly

21   enriched because they would be able to retain the benefits and fruits of their

22   wrongful conduct.

23         22.     The claims in this case are also properly certifiable under the laws of

24   the individual states identified below in the Second and Third Claims for Relief.

25

26

27

28

89714.3                                          -7-

CLASS ACTION COMPLAINT

1

## NATURE OF TRADE AND COMMERCE

2          23.    Throughout the Class Period, Defendants and their co-conspirators

3    engaged in the business of marketing and selling CRTs, as well as products containing

4    CRTs, throughout the United States.

5          24.    The market for the manufacture and sale of CRT Products is

6    conducive to the type of collusive activity alleged here.  That market is oligopolistic in

7    nature.  For example, one defendant alone, Philips, noted in a May 16, 2006 press release

8    that "LG.Philips Displays . . . produces one in every four television and computer monitor

9    tubes sold."  The other Defendants also all have significant market share.

10          25.    Some of these companies are known antitrust violators. Samsung, for

11    example, was fined $300 million by the United States Department of Justice ("DOJ") in

12    October of 2005 for participating in a conspiracy to fix prices for Dynamic Random Access

13    Memory. It is also under investigation by the DOJ (along with some of the other

14    Defendants) for fixing prices of Static Random Access Memory, Flash Memory, and Liquid

15    Crystal Displays (LCDs).

16          26.    The market for the manufacture and sale of CRTs is subject to high

17    manufacturing and technological barriers to entry.

18          27.    The CRT industry has also been subject to significant consolidation.

19          28.    Defendants sell their CRTs through various channels including to

20    manufacturers of electronic products and devices, and to resellers of CRTs.  These

21    electronic products and devices -- CRT Products -- are then sold, directly or indirectly, to

22    consumers and are not altered during the course of sale.

23          29.    California is the largest market in the world for CRT Products and is

24    the worldwide center of the PC industry and other industries that depend upon the CRT

25    market.  Statements concerning the prices and market conditions for CRTs were

26    disseminated by Defendants from and into California on a regular and continuous basis.

27

28

1                          **DEFENDANTS' ILLEGAL CONDUCT**

2              30.    Defendants and their co-conspirators have engaged in a contract,

3    combination, trust or conspiracy, the effect of which was to raise the prices at which they

4    sold CRTs to artificially inflated levels from at least January 1, 2005 through the present.

5              31.    Very recently, antitrust enforcement authorities in multiple countries

6    have begun investigating this unlawful cartel.

7              32.    On November 8, 2007, the European Commission stated in a press

8    release the following:

9
          "The European Commission can confirm that on 8th November
10        2007 Commission officials carried out unannounced inspections at
          the premises of manufacturers of cathode ray tubes (CRTs).
11        Cathode ray tubes are used in television sets and computer
          monitors.  The Commission has reason to believe that the
12        companies concerned may have violated EC Treaty rules on
          cartels and restrictive business practices (Article 81).
13

14        The Commission officials were accompanied by their
          counterparts from the relevant national competition authorities.
15

16        Surprise inspections are a preliminary step in investigations into
          suspected cartels . . ."
17

18             33.    Also on November 8, 2007, the Associated Press news agency

19    reported the following:

20
          "Japan's antitrust officials searched a subsidiary of Matsushita
21        Electric Industrial Co. on suspicion of forming an international
          cartel to fix prices for cathode-ray tubes for television, an official
22        and media reports said Friday.

23
          MT Picture Display Co., a 100 percent subsidiary of Matsushita,
24        is suspected of fixing prices for CRTs with other manufacturers
          in South Korea, Taiwan and Hong Kong, Japanese business daily
25        Nikkei reported Friday.

26
          Antitrust officials in Japan, South Korea, the United States and the
27        European Union have begun investigations, the paper said . . .

28

1    Japan's Fair Trade Commission conducted an on-sight [sic]
     inspection of MT Picture Display Thursday, said Akira Kadota, a
2    spokesman for Matsushita, the Osaka-based maker of Panasonic-
     brand products . . .
3

4    Nikkei said the companies including South Korea's Samsung SDI
     are suspected of forming a cartel around 2005 to keep the price of
5    CRTs from falling, citing unnamed officials."

6

7        34.    On November 8, 2007, the Bloomberg news agency further reported

the following:
8
         "Japanese and European Union antitrust authorities carried out
9        raids at companies in the cathode-ray tube industry as part of a
         price-fixing investigation . . . Japan's Fair Trade Commission
10       also began a probe of a joint venture between Matsushita Electric
         Industrial Co. and Toshiba Corp., Munestsugu Takeda, a
11       spokesman for Matsushita, said by telephone . . .
         Cathode-ray tubes are used in television sets and computer
12       monitors.  Matsushita and Toshiba merged their cathode-ray tube
         units to form Matsushita Toshiba Picture Display Co. in 2003.
13     . The companies said at the time that the joint venture was the
         world's third-largest maker of television tubes."
14

15

16       35.    On November 9, 2007, the Agence France-Presse ("AFP") news

agency reported the following:
17
         "South Korea's anti-trust watchdog has launched a probe into
18       Samsung SDI as part of an international investigation into alleged
         price-fixing, officials said Friday.
19

20       The Fair Trade Commission is investigating allegations that
         Samsung SDI colluded with foreign rivals to fix the prices of
21       cathode ray tubes (CRTs) for television.

22
         "'It is part of an international probe into alleged price-fixing this
23       week.  We are cooperating with the Fair Trade Commission,' a
         Samsung SDI spokesman told AFP."
24

25       36.    On November 12, 2007, Chunghwa announced via a filing with the

26  Taiwan Stock Exchange that it received a summons from the United States Department of

27  Justice relating to a CRT antitrust price-fixing investigation.

28

CLASS ACTION COMPLAINT

1    37.    On November 16, 2007, *BNA's Antitrust & Trade Regulation* reported

2   that "Since 2005, [Japan Fair Trade Commission] sources alleged, MT Picture Display held

3   'tea parties' with Samsung and other manufacturers and exchanged information on picture

4   tube prices in Asia and Europe."

5    38.    On November 21, 2007, Philips issued a press release and stated the

6   following:

7       "Competition law authorities in several jurisdictions have commenced
        investigations into possible anticompetitive activities in the Cathode-
8       Ray Tubes, or CRT, industry. Royal Philips Electronics
        (NYSE:PHG, AEX: PHI) today announced that, as one of the
9       companies that was active in the CRT business, it is subject to one or
        more of these ongoing investigations."
10

11    39.    Defendants, through their officers, directors and employees,

12   effectuated the aforesaid contract, combination, trust or conspiracy between themselves and

13   their co-conspirators by, among other things:

14       a.    participating in meetings and conversations, including through various

15      trade associations and committees, to discuss the prices of CRTs in the United

16      States;

17       b.    agreeing, during those meetings and conversations, to charge prices at

18      specified levels and otherwise to increase and maintain prices of CRTs sold in the

19      United States;

20       c.    issuing price announcements and quotations in accordance with the

21      agreements reached; and

22       d.    selling CRTs to various customers in the United States at non-

23      competitive prices.

24                    **ACTIVE CONCEALMENT**

25    40.    Throughout and beyond the conspiracy, Defendants and their co-

26   conspirators affirmatively and actively concealed their unlawful conduct from Plaintiff and

27   the Class. Defendants and their co-conspirators conducted their conspiracy in secret and

28
89714.3                                    -11-
CLASS ACTION COMPLAINT

1    kept it mostly within the confines of their higher-level executives. Defendants and their co-

2    conspirators publicly provided pre-textual and false justifications regarding their price

3    increases. Defendants and their co-conspirators conducted their conspiracy in secret,

4    concealed the true nature of their unlawful conduct and acts in furtherance thereof, and

5    actively concealed their activities through various other means and methods to avoid

6    detection. Plaintiff did not discover, and could not have discovered through the exercise of

7    reasonable diligence, that Defendants and their co-conspirators were violating the antitrust

8    laws as alleged herein until shortly before this class action litigation was commenced.

9          41.    As a result of the active concealment of the conspiracy by Defendants

10   and their co-conspirators, any and all applicable statutes of limitations otherwise applicable

11   to the allegations herein have been tolled.

12                         **VIOLATIONS ALLEGED**

13                         **First Claim for Relief**

14            **(Violation of Section 1 of the Sherman Act)**

15         42.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

16   each and every allegation set forth in the preceding paragraphs of this Complaint.

17         43.    Beginning at a time presently unknown to Plaintiff, but at least as

18   early as January 1, 2005 and continuing through the present, the exact dates being unknown

19   to Plaintiff, Defendants and their co-conspirators entered into a continuing agreement,

20   understanding, and conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

21   stabilize prices for CRTs in the United States, in violation of Section 1 of the Sherman Act

22   (15 U.S.C. §1).

23         44.    In formulating and carrying out the alleged agreement, understanding,

24   and conspiracy, the Defendants and their co-conspirators did those things that they

25   combined and conspired to do, including but not limited to the acts, practices, and course of

26   conduct set forth above, and the following, among others:

27         a.    To fix, raise, maintain and stabilize the price of CRTs;

28
CLASS ACTION COMPLAINT

1        b.      To allocate markets for CRTs among themselves;

2        c.      To submit rigged bids for the award and performance of certain

3    contracts for CRTs; and

4        d.      To allocate among themselves and collusively reduce the production

5    of CRTs.

6        45.     The combination and conspiracy alleged herein has had the following

7    effects, among others:

8        a.      Price competition in the sale of CRTs has been restrained,

9    suppressed, and/or eliminated in the United States;

10       b.      Prices for CRTs sold by Defendants and their co-conspirators have

11   been fixed, raised, maintained and stabilized at artificially high, non-competitive

12   levels throughout the United States; and

13       c.      Those who purchased CRTs and products containing CRTS, directly

14   or indirectly, from Defendants and their co-conspirators have been deprived of the

15   benefits of free and open competition.

16       46.     Plaintiff and the Class have been injured and will continue to be

17   injured in their business and property by paying more for CRTs, and products containing

18   CRTs, purchased indirectly from the Defendants and their co-conspirators than they would

19   have paid and will pay in the absence of the combination and conspiracy, including paying

20   more for televisions and computer monitors and other products in which CRTs are a

21   component as a result of higher prices paid for CRTs by the manufacturers of those

22   products.

23       47.     Plaintiff and the Class are entitled to an injunction against Defendants,

24   preventing and restraining the violations alleged herein.

25

26

27

28

CLASS ACTION COMPLAINT

1

## Second Claim for Relief

2

### (Violation of State Antitrust and Unfair Competition Laws)

3          48.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

4    each and every allegation set forth in the preceding paragraphs of this Complaint.

5          49.    By reason of the foregoing, Defendants have entered into agreements

6    in restraint of trade in violation of Arizona Revised Stat. §§44-1401 *et seq.*

7          50.    By reason of the foregoing, Defendants have entered into agreements

8    in restraint of trade in violation of California Bus. & Prof. Code §§16700 *et seq.* and Cal.

9    Bus. & Prof. Code §§17200 *et seq.*

10         51.    By reason of the foregoing, Defendants have entered into agreements

11    in restraint of trade in violation of District of Columbia Code Ann. §§28-4503 *et seq.*

12         52.    By reason of the foregoing, Defendants have entered into agreements

13    in restraint of trade in violation of Hawaii Rev. Stat. §§480-1 *et seq.*

14         53.    By reason of the foregoing, Defendants have entered into agreements

15    in restraint of trade in violation of Iowa Code §§553.1 *et seq.*

16         54.    By reason of the foregoing, Defendants have entered into agreements

17    in restraint of trade in violation of Kansas Stat. Ann. §§50-101 *et seq.*

18         55.    By reason of the foregoing, Defendants have entered into agreements

19    in restraint of trade in violation of Maine Rev. Stat. Ann. 10, §§1101 *et seq.*

20         56.    By reason of the foregoing, Defendants have entered into agreements

21    in restraint of trade in violation of Michigan Comp. Laws. Ann. §§445.773 *et seq.*

22         57.    By reason of the foregoing, Defendants have entered into agreements

23    in restraint of trade in violation of Minnesota Stat. §§325D.52 *et seq.*

24         58.    By reason of the foregoing, Defendants have entered into agreements

25    in restraint of trade in violation of Mississippi Code Ann. §75-21-1 *et seq.*

26         59.    By reason of the foregoing, Defendants have entered into agreements

27    in restraint of trade in violation of Montana Code Ann. §§30-14-205 *et seq.*

28

89714.3                                    -14-

CLASS ACTION COMPLAINT

1        60.     By reason of the foregoing, Defendants have entered into agreements

2  in restraint of trade in violation of Nebraska Rev. Stat. §§59-801 *et seq.*

3        61.     By reason of the foregoing, Defendants have entered into agreements

4  in restraint of trade in violation of Nevada Rev. Stat. Ann. §§598A *et seq.*

5        62.     By reason of the foregoing, Defendants have entered into agreements

6  in restraint of trade in violation of New Mexico Stat. Ann. §§57-1-1 *et seq.*

7        63.     By reason of the foregoing, Defendants have entered into agreements

8  in restraint of trade in violation of North Carolina Gen. Stat. §§75-1 *et seq.*

9        64.     By reason of the foregoing, Defendants have entered into agreements

10  in restraint of trade in violation of North Dakota Cent. Code §§51-08.1-01 *et seq.*

11        65.     By reason of the foregoing, Defendants have entered into agreements

12  in restraint of trade in violation of the Pennsylvania common law.

13        66.     By reason of the foregoing, Defendants have entered into agreements

14  in restraint of trade in violation of South Dakota Codified Laws Ann. §§37-1 *et seq.*

15        67.     By reason of the foregoing, Defendants have entered into agreements

16  in restraint of trade in violation of Tennessee Code Ann. §§47-25-101 *et seq.*

17        68.     By reason of the foregoing, Defendants have entered into agreements

18  in restraint of trade in violation of West Virginia §§47-18-1 *et seq.*

19        69.     By reason of the foregoing, Defendants have entered into agreements

20  in restraint of trade in violation of Wisconsin Stat. §§133.01 *et seq.*

21        70.     By reason of the foregoing, Defendants have entered into agreements

22  in restraint of trade in violation of Wyoming Stat. Ann. §§40-4-101 *et seq.*

23        71.     Class members in each of the states listed above paid *supra-*

24  competitive, artificially inflated prices for CRTs and products containing CRTs.  As a direct

25  and proximate result of Defendants' unlawful conduct, such members of the Class have

26  been injured in their business and property in that they paid more for CRTs and products

27

28

CLASS ACTION COMPLAINT

1  containing CRTs than they otherwise would have paid in the absence of Defendants'

2  unlawful conduct.

3                                **Third Claim for Relief**

4         **(Violation of State Consumer Protection and Unfair Competition Laws)**

5         72.    Plaintiff incorporates and re-alleges, as though fully set forth herein,

6  each and every allegation set forth in the preceding paragraphs of this Complaint.

7         73.    Defendants engaged in unfair competition or unfair, unconscionable,

8  deceptive or fraudulent acts or practices in violation of the state consumer protection and

9  unfair competition statutes listed below.

10        74.    Defendants have engaged in unfair competition or unfair or deceptive

11 acts or practices in violation of California Bus. & Prof. Code §17200 *et seq.*

12        75.    Defendants have engaged in unfair competition or unfair or deceptive

13 acts or practices in violation of Florida Stat. §501.201 *et seq.*

14        76.    Defendants have engaged in unfair competition or unfair or deceptive

15 acts or practices in violation of Nebraska Rev. Stat. §59-1601 *et seq.*

16        77.    Defendants have engaged in unfair competition or unfair or deceptive

17 acts or practices in violation of New Hampshire Rev. Stat. §358-A:2 *et seq.*

18        78.    Defendants have engaged in unfair competition or unfair or deceptive

19 acts or practices in violation of New York Gen. Bus. Law §349 *et seq.*

20        79.    Defendants have engaged in unfair competition or unfair or deceptive

21 acts or practices in violation of 9 Vermont §2451 *et seq.*

22        80.    Class members in the states listed above paid supra-competitive,

23 artificially inflated prices for products containing CRTs. As a direct and proximate result of

24 Defendants' unlawful conduct, Plaintiff and the Class have been injured in their business

25 and property in that they paid more for products containing CRTs than they otherwise

26 would have paid in the absence of Defendants' unlawful conduct.

27

28

**Fourth Claim for Relief**

**(Unjust Enrichment and Disgorgement of Profits)**

81.    Plaintiff incorporates and re-alleges, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

82.    Defendants have been unjustly enriched through overpayments by Plaintiff and Class members and the resulting profits.

83.    Under common law principles of unjust enrichment, Defendants should not be permitted to retain the benefits conferred via overpayments by Plaintiff and Class members.

84.    Plaintiff seeks disgorgement of all profits resulting from such overpayments and establishment of a constructive trust from which Plaintiff and Class may seek restitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.    That the Court determine that the Sherman Act, state antitrust law, and state consumer protection and/or unfair competition law claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure;

2.    That the unlawful conduct, contract, conspiracy or combination alleged herein be adjudged and decreed to be:

a.    a restraint of trade or commerce in violation of Section 1 of the Sherman Act, as alleged in the First Claim for Relief;

b.    an unlawful combination, trust, agreement, understanding, and/or concert of action in violation of the state antitrust laws identified in the Second Claim for Relief herein;

c.    violations of the state consumer protection and unfair competition laws identified in the Third Claim for Relief herein; and

CLASS ACTION COMPLAINT

1        d.     acts of unjust enrichment as set forth in the Fourth Claim for Relief

2    herein.

3        3.     That Plaintiff and the Class recover damages, as provided by state

4    laws, and that a joint and several judgment in favor of Plaintiff and the Class be entered

5    against the Defendants in an amount to be trebled in accordance with such laws as

6    appropriate;

7        4.     That Defendants, their affiliates, successors, transferees, assignees,

8    and the officers, directors, partners, agents, and employees thereof, and all other persons

9    acting or claiming to act on their behalf, be permanently enjoined and restrained from in

10    any manner:  (1) continuing, maintaining, or renewing the conduct, contract, conspiracy or

11    combination alleged herein, or from entering into any other conspiracy alleged herein, or

12    from entering into any other contract, conspiracy or combination having a similar purpose

13    or effect, and from adopting or following any practice, plan, program, or device having a

14    similar purpose or effect; and (2) communicating or causing to be communicated to any

15    other person engaged in the sale of CRTs, information concerning bids of competitors;

16        5.     That Plaintiff be awarded restitution, including disgorgement of

17    profits obtained by Defendants as a result of their acts of unfair competition and acts of

18    unjust enrichment;

19        6.     That Plaintiff and the Class be awarded pre- and post-judgment

20    interest, and that that interest be awarded at the highest legal rate from and after the date of

21    service of the initial complaint in this action;

22        7.     That Plaintiff and the Class recover their costs of this suit, including

23    reasonable attorneys' fees as provided by law; and

24        8.     That Plaintiff and the Class have such other, further, and different

25    relief as the case may require and the Court may deem just and proper under the

26    circumstances.

27

28

1    Dated:  December 13, 2007

2                                                Respectfully submitted,

3

4                                    By:

5                                                Henry A. Cirillo
                                                 Thomas P. Dove
                                                 Kathleen Styles Rogers
6                                                Christopher L. Lebsock
                                                 Michael S. Christian
7                                                Jon T. King
                                                 THE FURTH FIRM LLP
8                                                225 Bush Street, 15th Floor
                                                 San Francisco, CA 94104-4249
9                                                Telephone:  (415) 433-2070
                                                 Facsimile:   (415) 982-2076

10                                               Marvin A. Miller
                                                 Lori A. Fanning
11                                               Matthew E. Van Tine
                                                 MILLER LAW LLC
12                                               115 South LaSalle Street, Suite 2910
                                                 Chicago, IL 60603
13                                               Telephone:    (312) 332-3400
                                                 Facsimile:    (312) 676-2676

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     89714.3                                -19-
     CLASS ACTION COMPLAINT

1

**JURY TRIAL DEMAND**

2             Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

3    demands a trial by jury for all issues so triable.

4    Dated:  December 13, 2007              Respectfully submitted,

5

6                              By:    _____

7                                     Henry A. Cirillo
                                      Thomas P. Dove
                                      Kathleen Styles Rogers
8                                     Christopher L. Lebsock
                                      Michael S. Christian
9                                     Jon T. King
                                      THE FURTH FIRM LLP
10                                    225 Bush Street, 15th Floor
                                      San Francisco, CA 94104-4249
11                                    Telephone:  (415) 433-2070
                                      Facsimile:  (415) 982-2076
12
                                      Marvin A. Miller
13                                    Lori A. Fanning
                                      Matthew E. Van Tine
14                                    MILLER LAW LLC
                                      115 South LaSalle Street, Suite 2910
15                                    Chicago, IL 60603
                                      Telephone:    (312) 332-3400
16                                    Facsimile:    (312) 676-2676

17

18

19

20

21

22

23

24

25

26

27

28
     89714.3                              -20-
     CLASS ACTION COMPLAINT