UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | ) ) ) ) | No. 07-5944 SC<br>MDL No. 1917 |
| CRAGO, Inc.,<br>    Plaintiff,<br>    v.<br>CHUNGHWA PICTURE TUBES, LTD., et al.,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | ORDER APPOINTING <u>INTERIM LEAD COUNSEL</u> |

**I.  INTRODUCTION**

This matter comes before the Court on various motions seeking appointment of interim lead counsel for the two separate putative subclasses of direct and indirect purchasers.  The motion to appoint interim lead class counsel for the direct purchasers is unopposed.  Four motions seeking appointment of interim lead class counsel for the indirect purchasers were submitted to the Court. Since that time, however, the group comprised of the Alioto Law Firm and the Miller Law Firm has withdrawn its motion.  See Docket Nos. 181, 192.  Furthermore, the group comprised of the firms of Ball & Scott and Goldman, Scarlato & Karon has apparently also

decided not to pursue their motion.  The Court draws this inference from the following: at the status conference held on April 4, 2008, the Court ordered all parties seeking appointment of interim class counsel for the indirect purchasers to submit a letter under seal and in camera containing various information, including proposed fee arrangements.  The Ball and Goldman firms did not submit this letter and the Court can only conclude that these firms no longer seek appointment.  Thus, two motions remain pending: the first submitted by the firm Trump, Alioto, Trump & Prescott ("Trump") and the second submitted by the group comprised of the firms Zelle, Hofmann, Voelbel, Mason, & Gette and Lovell, Stewart, Halebian (collectively "Zelle").

**II.  LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Although Rule 23(g)(3) itself contains no guidance for selecting interim counsel, the criteria specified in Rule 23(g)(1) for the appointment of class counsel shall be used by the Court in making its determination.

Rule 23(g)(1) states:
> In appointing class counsel, the court:
> (A) must consider:
> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the

2

>action;
>(iii) counsel's knowledge of the applicable law; and
>(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1). In addition, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Id.

### III. DISCUSSION

At the outset, the Court notes that all of the firms seeking interim lead class counsel have indicated a preference for co-lead counsel. The Court is convinced, however, that a single firm will usually provide more effective and efficient representation than a group of two or more firms. A single firm is already organized with internal levels of communication and management structure. A group of firms, on the other hand, must create these structures. This will tend to increase the risk that items may fall through the cracks. Moreover, as the Advisory Committee Note states, "the court should be alert to . . . the risk of overstaffing" and the possibility of "an ungainly counsel structure."

#### A.   Direct Purchaser Subclass

As noted above, the motion to appoint interim lead class counsel for the direct purchaser subclass was unopposed. The motion, however, seeks appointment of two firms as co-lead counsel and, for the reasons stated above, the Court finds that appointment of one firm is preferable. Therefore, after reviewing the motion and the attached declarations, the Court appoints Guido

3

Saveri and his firm Saveri & Saveri as interim lead class counsel for the putative nationwide class of direct purchasers. Interim counsel shall have all of the duties set forth below. There is no need for an executive committee at this time.

**B.   Indirect Purchaser Subclass**

As various firms submitted competing motions for appointment of interim counsel for the indirect purchaser class, the Court analyzes these motions under the Rule 23 framework.

**1.   Work in Identifying or Investigating Potential Claims**

This factor does not favor any of the applicant firms. All of the firms filed actions within one month of each other. Although the Lovelle firm filed the first Complaint in the country on November 13, 2007, there is nothing else to indicate that any firm has done substantially more in identifying or investigating potential claims.

**2.   Counsel's Experience**

All of the applicant law firms have excellent track records. Nonetheless, while two of the firms indicated that their top attorneys would be involved, only one firm made it clear that it's top attorney would lead, rather than merely participate, in his firm's role as interim lead counsel. For this reason, this factor favors the Trump firm.

**3.   Counsel's Knowledge**

All of the applicant law firms contain eminently capable attorneys. This factor favors none of the applicants.

///

4

**4.   Counsel's Resources**

At first blush, this factor would tend to favor either the Zelle or Lovelle firm, as each is a larger firm with offices nationwide. Nonetheless, the Court is not convinced that bigger is necessarily better, especially in light of the fact that only a handful of attorneys from each firm will be working on this case. Thus, for example, a firm of 100 attorneys will not necessarily be more able to devote the necessary resources to this case than a firm one tenth that size.

Weighing all the above factors, the Court appoints Mario Alioto and his firm Trump, Alioto, Trump & Prescott as interim lead counsel for the putative nationwide class of indirect purchasers. Interim counsel shall have all of the responsibilities set forth below. There is no need for an executive committee at this time.

## IV. RESPONSIBILITIES

All interim counsel shall have the following responsibilities:

1. To promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and unproductive efforts;
2. To initiate and conduct all discovery proceedings and communicate with defense counsel with respect to same on all issues;
3. To coordinate all motions, requests for discovery, experts, and other pretrial proceedings regarding the

5

position of all Plaintiffs;

4. To meet and negotiate with defense counsel with respect to settlement and other matters after adequate due diligence;

5. To record and administer all times and expenses of counsel and staff;

6. To assess plaintiffs' law firms common litigation costs and to collect assessments on a regular basis;

7. To monitor the activities of Plaintiffs' counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

8. To consult, as necessary in the best interests of the putative class, with all other Plaintiffs' counsel to obtain their input concerning strategy and to be the primary spokesperson for the putative class;

9. To act as interim counsel in any appeal prior to appointment of class counsel;

10. To otherwise advance and protect the interests of the putative class in all respects and to honor all of its responsibilities, including making sure that all representations and commitments made on its behalf are honored; and

11. It shall be the responsibility of lead counsel to serve all parties with all orders and correspondence issued by the Court.

**V.   CONCLUSION**

The appointments above shall become effective upon the filing of a certificate by said counsel accepting the terms of the appointment, which shall be filed within SEVEN CALENDER DAYS of the date of this Order.  This order finds the following appointments will best protect the interests of putative class members.  The foregoing appointments are without prejudice to a fresh examination of who should be class counsel if and when classes are certified.

IT IS SO ORDERED.

Dated: May 9, 2008

UNITED STATES DISTRICT JUDGE